### COMMONWEALTH v. MOSES H. FORTUES.

**Criminal Law—Perjury.**
> An incompetent witness may commit perjury, and where he has sworn falsely and corruptly in a matter material to the case he may lawfully be adjudged guilty.

#### APPEAL FROM OWEN CRIMINAL COURT.

September 5, 1877.

OPINION BY JUDGE PRYOR:

The indictment in this case is sufficiently specific and contains all the statements necessary to constitute the offense with which the accused is charged. It is immaterial whether the answer to the suit at law was filed or not; the accused offered himself as a witness, and by his statement on oath controverted the claim asserted against him in the civil action. The court had the jurisdiction to hear the case without a written answer, and the plaintiff the right to dispense with it. It is alleged in the indictment that the accused denied signing the note. The issue was that of non est factum, and upon the result of this issue depended the right of the plaintiff to recover. A voluntary oath applies in cases where no action is pending, or where there is no statute requiring such an oath to be made.

The witness in this case testified in a judicial proceeding and in regard to a matter material to the rights of the parties. The fact that the pleading was defective or that the plaintiff may have been entitled to a judgment notwithstanding the testimony of the party charged with perjury will not relieve the witness from a prosecution for perjury when he has sworn falsely and corruptly. An incompetent witness may commit perjury, and so of a witness who swears wilfully and falsely in a matter material to the case, although the one party or the other may have been entitled to a judgment without

any testimony being heard. The judgment sustaining the demurrer is *reversed* and cause remanded for further proceedings.

*Moss, for appellant.   Grover, Green & Lindseys, for appellee.*